Per Curiam.

When this case was first considered and decided, ante, 108, the majority of this court was of the opinion that the use of the contested funds (the “Highway Improvement Fund”) is not for “statutory highway purposes.” This case is thus distinguishable from State, ex rel. Kauer, Dir., v. Defenbacher, Dir., 153 Ohio St., 268, 91 N. E. (2d), 512, in which this court held that expenditures for the study of a turnpike project were for a statutory highway purpose within the meaning of Section 5a, Article XII of the Constitution.
In the light of this holding, is the constitutionality of See-1 ion 5538.01 et seq., Revised Code, in issue here so as to call for the application of Section 2, Article IV of the Constitution, requiring the concurrence of at least all but one of the judges to declare a law unconstitutional? We think it is not.
*198 As pointed out by the majority of the court in the original report of this case, no claim is made that the General Assembly does not have the right to appropriate funds for either the engineering studies or the construction of a parking garage. The constitutionality of the act itself is not questioned. The sole question arose over the defraying of certain preliminary costs of the construction with funds the use of which is restricted by a section of the Constitution, namely, Section 5a, Article XII. Obviously, the parking garage can be constructed without the use of these funds.
The holding of the majority (a holding with which Taft and Matthias, JJ., disagreed) not being a holding that Section 5538.01 et seq., Revised Code, or any part or parts thereof, or of any statute, are unconstitutional, but rather a holding that, since the use of the funds is not, within the meaning of Section 5a of Article XII of the Constitution, for “statutory highway purposes,” the “Highway Improvement Fund” is not described by the statutory words, “any funds available for the purpose,'’’ the former judgment herein is rescinded, the judgment of the Court of Appeals is reversed and final judgment is rendered for the plaintiff.

Judgment reversed.

Zimmbbmait, Stewart, Bell, Taft and Matthias, JJ., concur.
Weygahdt, C. J., dissents.
HebbeRt, J., not participating.